A. SASHA FRID (State Bar No. 216800)
sfrid@millerbarondess.com
JEFFERY B. WHITE (State Bar No. 291086)
jwhite@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Plaintiff
ATELIER LUXURY GROUP, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ATELIER LUXURY GROUP, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ZARA USA, INC., a New York corporation; and DOES 1-20, inclusive,<br><br>Defendants. | **CASE NO.**<br>**COMPLAINT FOR:**<br>**(1) FEDERAL TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a));**<br>**(2) FEDERAL TRADE DRESS DILUTION (15 U.S.C. § 1125(c));**<br>**(3) FEDERAL UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a));**<br>**(4) CALIFORNIA TRADE DRESS DILUTION (CAL. BUS. & PROF. CODE § 14200); AND**<br>**(5) CALIFORNIA UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)**<br>**[DEMAND FOR JURY TRIAL]** |

449705.2

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Atelier Luxury Group, LLC ("Plaintiff") alleges in this complaint as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to stop and recover damages from Defendant Zara USA, Inc. ("Zara" or "Defendant") for blatantly and unlawfully misappropriating Plaintiff's valuable trade dress rights. Specifically, Zara has copied the same style, look and feel of Plaintiff's celebrated AMIRI MX2 jeans to sell its own lower-quality, knock-off Combination Skinny Biker jeans. Zara's inferior imitation of Plaintiff's AMIRI MX2 jeans was deliberate and intended to piggyback off of the enormous popularity, goodwill and success of Plaintiff's highly recognizable and valuable design.

2. Plaintiff is the registered owner and creator of AMIRI. AMIRI is a high-end luxury and ready-to-wear fashion label influenced by the rock 'n' roll, punk and grunge culture in the United States in the 1980s and 1990s.

3. AMIRI-brand clothing, shoes and accessories have enjoyed massive success and wide publicity by being linked to fashion-setters in the entertainment and sports communities, such as LeBron James, Jay-Z, Madonna, Justin Bieber, Kendall Jenner, Kanye West and many others. Since its launch in 2013, the popularity of the AMIRI label has skyrocketed. Plaintiff sells tens of millions of dollars of AMIRI merchandise every year in the United States and across the world.

4. In January 2019, Plaintiff debuted its new AMIRI MX2 jeans. The MX2 jeans are distinctive and instantly recognizable. The skinny fit jeans feature premiere Italian stretch denim, pleated leather panel detailing, zippered thigh pockets and zipper closures at the knees. The MX2 jeans are made from an exhaustive production process at Plaintiff's Los Angeles headquarters, where each and every pair of jeans is hand-treated and carefully assembled over a period of several months. The MX2 jeans retail for $1,150, or more. Images of Plaintiff's authentic AMIRI MX2 jeans are reproduced below:

| Plaintiff's AMIRI MX2 Jeans |
|---|
|   |

5. Plaintiff is informed and believes that in or about December 2019, Zara began selling its own knock- off MX2 jeans, called the Zara Combination Skinny Biker jeans. Zara's jeans have the same look and feel as the authentic AMIRI MX2 jeans. Notably, Zara's Combination Skinny Biker jeans share the same distinctive pleated leather panel detailing, side zippered thigh pockets, zippered knee closures, and skinny fit washed denim.

6. Indeed, side-by-side comparisons of the AMIRI MX2 jeans and the Zara Combination Skinny Biker jeans confirm the obvious and overwhelming similarities between the two products.

| AMIRI MX2 Jeans | Zara Combination Skinny Biker Jeans |
|---|---|
|  | |

| AMIRI MX2 Jeans | Zara Combination Skinny Biker Jeans |
|---|---|
|  |  |

7. Zara never approached Plaintiff for a license to use its trade dress or other of Plaintiff's intellectual property rights. Zara's unlawful actions amount to a blatant, willful, and conscious disregard for Plaintiff's rights, and were knowingly and intentionally taken to capitalize on the goodwill, recognition and fame associated with the AMIRI MX2 jeans. Such misconduct has caused and continues to cause confusion to the public and injury to Plaintiff.

8. Plaintiff has spent enormous time and resources promoting its AMIRI MX2 jeans. It cannot stand by as Zara deliberately infringes, dilutes and misappropriates its valuable trade dress rights. This misconduct is harmful and will continue to cause Plaintiff injury, including by lost sales, diminished reputation in the marketplace and the dilution of its valuable intellectual property, unless and until the Court enjoins it.

9. By this suit, Plaintiff is seeking compensatory damages, believed to be in excess of $3,000,000, enhanced damages, punitive damages, attorneys' fees and costs, injunctive relief, and all other relief authorized under federal and California law.

## THE PARTIES

10. Plaintiff is a Delaware limited liability company that is headquartered in Los Angeles, California. Plaintiff is the designer, manufacturer, marketer and seller of AMIRI brand clothing, shoes and accessories, including, but not limited to, the AMIRI MX2 jeans.

11. Plaintiff is informed and believes, and on that basis alleges, that Defendant Zara USA, Inc. is a New York corporation, with its principal place of business in New York. Plaintiff is informed and believes that Defendant is registered to do business in the State of California, and that it conducts substantial business within this judicial district.

12. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the Defendants sued herein as Does 1 through 20, inclusive, but on information and belief alleges that said Defendants are legally responsible for it. Plaintiff will amend this complaint to allege the true names and capacities of the Doe Defendants when ascertained.

13. Plaintiff is informed and believes, and on that basis alleges, that except as otherwise alleged herein, each of the Defendants is, and at all times relevant to this complaint was, the employee, agent, employer, partner, joint venturer, alter ego, affiliate, and/or coconspirator of the other Defendants and, in doing the acts alleged herein, was acting within the course and scope of such positions at the direction of, and/or with the permission, knowledge, consent, and/or ratification of the other Defendants. In the alternative, Plaintiff is informed and believes, and based thereon alleges, that each Defendant, through its acts and omissions, is responsible for the wrongdoing alleged herein and for the damages suffered by Plaintiff.

## SUBJECT MATTER JURISDICTION AND VENUE

14. This Court has jurisdiction over the federal trade dress, dilution and false designation of origin claims asserted in this action under 28 U.S.C. § 1331 (federal question jurisdiction).

15. This Court has ancillary jurisdiction over the state law claims asserted in this action under 28 U.S.C. § 1367 because they are related to the federal claims that form part of the same case or controversy under Article III of the U.S. Constitution.  This Court also has jurisdiction over the state law claims for unfair competition under 28 U.S.C. § 1338(b) because such claims are joined with a substantial and related claim under the federal trademark laws.

16. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(a) because, on information and belief, Zara resides within this judicial district and/or a substantial part of the events or omissions giving rise to liability occurred in this judicial district.

## PERSONAL JURISDICTION

17. This Court has personal jurisdiction over Zara because it does business in California, and because the alleged acts of trade dress infringement, trade dress dilution and federal and state unfair competition occurred in Los Angeles, California.  Zara has established minimum contacts with the forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.

## FACTUAL ALLEGATIONS

**A.    Plaintiff's High-End AMIRI Label**

18. Plaintiff is the creator of the high-end fashion brand AMIRI and owns several registered and common law trademarks relating to AMIRI, including without limitation U.S. Reg. No. 5,017,318 and U.S. Reg. No. 5,324,134.

19. Influenced by the punk and grunge culture of the 1980s and 1990s, the AMIRI brand launched in 2013 as a ready-to-wear label with streetwear-inspired collections.  Plaintiff is responsible for creating, designing, assembling, finishing, marketing and selling the AMIRI brand clothing, shoes and accessories; and Plaintiff is responsible for maintaining quality control over the AMIRI brand clothing, shoes and accessories marketed and sold around the world.

20. AMIRI brings luxury standards to a rock 'n' roll aesthetic in menswear, womenswear, footwear, and accessories. The label has been described as "one of the biggest businesses in the men's ready-to-wear" market. The founder and principal of Plaintiff, Michael Amiri (after whom the AMIRI brand is named), has been described as "a modern cinderella story"—a fashion disruptor who "catapulted to success" using social media, "landing him placement in top-tier stores and fans among the Hollywood elite." In 2017, GQ profiled Mr. Amiri and identified him as among "[t]he three designers making the most wanted streetwear in America." In 2018, Mr. Amiri was nominated for the Swarovski Award for Emerging Talent at the CFDA Fashion Awards; and honored with the Emerging Talent Award at the Footwear News Achievement Awards. In 2019, Mr. Amiri was nominated for the Menswear Designer of the Year at the CFDA Fashion Awards.

21. AMIRI clothes are featured in more than 150 high-end retailers around the world, including Barneys New York, Bergdorf Goodman and Galaries Lafayette. AMIRI has enjoyed immense and rapid success in just a few years, reaching more than $20 million in revenue by 2017, and doubling that to more than $40 million in revenue by 2018.

### B. The AMIRI MX2 Jeans

22. In January 2019, Plaintiff unveiled its new AMIRI MX2 jeans. The MX2 jeans feature premiere Italian stretch denim, pleated leather panel detailing, zippered outside thigh pockets, zipper closures at the knee-line and hand-distressed abrasions throughout. The MX2 jeans have an authentically lived-in look and can be unfastened at the knees for a stylish and more relaxed fit.

23. The AMIRI MX2 jeans are famous in the fashion community. Since their debut, the MX2 jeans have been worn by leading celebrities and fashion influencers, including Odell Beckham, Jr., Future, DeMarcus Cousins, Tyga, A Boogie wit da Hoodie, Tristan Thompson, Tony Effe and Kris Wu, among others. Images of some of these trend-setters wearing MX2 jeans are below.

| **Fashion Influencers Wearing AMIRI MX2 Jeans** | | |
|---|---|---|
|  |  |  |
| *A-Boogie Wit Da Hoodie* | *Future* | *Kris Wu* |

24.  Plaintiff has spent enormous amounts of time, money and effort advertising and promoting the MX2 jeans.  This and other AMIRI products are advertised in print and on the Internet, including on Plaintiff's own website.  The MX2 jeans are also advertised, promoted and presented at points of sale by major retailers, such as Barneys New York, and high-end fashion boutiques.  Since the MX2 jeans debuted, Plaintiff has invested hundreds of thousands of dollars in promotions to build out the MX2 line.

25.  The AMIRI MX2 jeans have become a significant revenue source for Plaintiff.  In 2019, sales of the MX2 jeans generated millions of dollars in revenue for Plaintiff, with sales increasing over the year as the jeans became increasingly well-known.  The MX2 jeans presently retail on Plaintiff's website and at high-end fashion boutiques for $1,150, or more.

### C. Zara's Infringing Combination Skinny Biker Jeans

26.  Plaintiff is informed and believes that in or about December 2019, if not earlier, Zara began actively marketing, promoting, offering for sale and selling its Combination Skinny Biker jeans.

27.  The similarity between the AMIRI MX2 jeans and Zara's Combination

Skinny Biker jeans is striking. At first glimpse, the two products appear to be nearly identical. A side-by-side comparison of the AMIRI MX2 jeans and the Zara Combination Skinny Biker jeans is illustrative and shown below:

| AMIRI MX2 Jeans | Zara Combination Skinny Biker Jeans |
|---|---|

28. On closer inspection, however, the similarities are even more profound. In fact, Zara's Combination Skinny Biker jeans are shown to have precisely the same distinctive and non-functional design elements as the AMIRI MX2 jeans. This overlap is deliberate and is intended to reinforce a perceived association between Zara and the high-end luxury AMIRI label.

29. Specifically, the Zara Combination Skinny Biker jeans have the same skinny fit style, unique pleated leather panel detailing that slopes downwards, side zippered thigh pockets, and zippered closures at the front of the knees, among other shared features. The arrows below, for example, point to the same pleated leather panel detailing and zippered knee closures that are featured prominently in both products.

| AMIRI MX2 Jeans | Zara Combination Skinny Biker Jeans |
|---|---|
|  |  |

30. Further, the AMIRI MX2 jeans and the Zara Combination Skinny Biker jeans have the same style of zippered thigh pockets (on the outside of both legs), as shown below.



| AMIRI MX2 Jeans | Zara Combination Skinny Biker Jeans |

31. The look of the denim fabric is also similar. Like the MX2 jeans sold by Plaintiff, Zara sells its Combination Skinny Biker Jeans in a mix of light and dark washes with an intentionally worn and distressed look.

32. In short, virtually every discernible aspect of the Zara Combination Skinny Biker jeans is intended to emulate the AMIRI MX2 jeans. This overlap is particularly remarkable given the limitless options available to a designer when producing a pair of denim jeans. Yet, at every step of the way, Zara made the choice to mirror the look and feel of the AMIRI jeans. Given the infinite number of ways that a pair of jeans can be designed, the inescapable conclusion is that Zara knowingly and intentionally sought out to copy the AMIRI MX2 jeans down to the very last detail.

### D. Zara Is A Serial Infringer

33. This is not the first time that Zara has been caught infringing another fashion designer's intellectual property rights. In fact, Zara has been sued multiple times in this judicial district over the last few years for infringement of trademark

and trade dress rights.

34.     In April 2019, Zara was sued in this district for trademark infringement and unfair competition, based on its alleged unlawful use of another label's trademarked design. *See Rebel8, Inc. v. Zara USA, Inc.*, No. 2:19-cv-02659 (C.D. Cal.). In that case, Rebel8, Inc., which is an apparel company rooted in the graffiti, skateboard and tattoo culture, filed suit after it caught Zara selling women's shorts that incorporated the distinctive Rebel8 diamond logo as part of the design pattern.

35.     In May 2015, Zara was sued in this district for trademark and trade dress infringement, false advertising and unfair business practices, based on its alleged unlawful use of another's trademark. *See Seychelles Imports, LLC v. Zara USA, Inc.*, No. 2:15-cv-03531 (C.D. Cal.). In that case, Seychelles Imports, LLC, which designs, manufactures, distributes and sells clothing and footwear bearing its protected "BC" logo, filed suit after it caught Zara selling apparel and footwear bearing the very same "BC" mark.

E.     **Injury to Plaintiff**

36.     Upon information and belief, customers and potential customers who come into contact with Zara's Combination Skinny Biker jeans are likely to be confused as to the source or sponsorship of, or association or affiliation with, the AMIRI MX2 jeans. As shown above, Zara's knock-off jeans are largely indistinguishable from the AMIRI line upon which they are modeled. The obvious perception is that Zara's Combination Skinny Biker jeans come from, are sponsored or authorized by, or are affiliated or associated with the AMIRI brand.

37.     Zara has misappropriated and used Plaintiff's valuable trade dress without permission and without compensation to Plaintiff. Upon information and belief, Zara manufactures, imports, markets, advertises, and/or sells Combination Skinny Biker jeans to take advantage of the demand that Plaintiff has created for the MX2 jeans, and to trade on the goodwill that Plaintiff has developed.

38.     Even though the Zara Combination Skinny Biker jeans are intended to

look and feel like AMIRI's signature MX2 jeans, the quality of the Zara jeans is vastly inferior. Plaintiff manufactures its AMIRI garments, including the MX2 jeans, with the highest quality denim, leather and other fabrics, and uses a painstaking production process whereby every item is treated by hand over a period of several months. The Zara Combination Skinny Biker jeans, by contrast, feature lower-quality denim and faux leather pleats, and are made without the same care and craftsmanship that has made AMIRI synonymous with luxury.

39. Because Zara's jeans closely imitate the distinctive MX2 jeans, Zara's actions create a possibility that the AMIRI MX2 trade dress will no longer serve as a unique identifier of Plaintiff's jeans to consumers, both in the United States and abroad. The presence of the Zara Combination Skinny Biker jeans in the market therefore diminishes the apparent exclusivity of genuine AMIRI MX2 jeans and dilutes the brand. Further, the inferior quality of Zara's jeans will tarnish the reputation that Plaintiff has worked very hard to develop, and on which Plaintiff has spent hundreds of thousands of dollars in promotions and advertising. As a result, Plaintiff will suffer lost sales and foregone business because of the improper and negative associations between Plaintiff's brand and the inferior Zara knock-offs.

40. Zara's blatant use of Plaintiff's trade dress is unlawful and unfair. Plaintiff is informed and believes that Zara is a large and sophisticated apparel company that has been in business for almost 50 years. Accordingly, Zara should be intimately familiar with the important role that design and intellectual property play in the fashion industry. Zara's blatant misuse of Plaintiff's trade dress was done in bad faith, with full knowledge of Plaintiff's intellectual property rights, and was carried out with the intent to deceive and mislead the public into believing that Zara's Combination Skinny Biker jeans are sponsored, licensed, authorized by, affiliated, connected, or otherwise associated with the AMIRI label.

41. At no time did Zara obtain a license or any other permission or authorization from Plaintiff that would allow Zara to sell jeans having the same look

and feel as the authentic MX2 jeans. Plaintiff is not aware of any effort made by Zara to license or otherwise lawfully use Plaintiff's trade dress.

42. Plaintiff has sustained and will continue to sustain damages as a result of Zara's wrongful conduct. Plaintiff will continue to suffer irreparable damage and harm to its reputation and sustain additional lost profits until Zara's actions alleged above are enjoined.

## FIRST CLAIM FOR RELIEF

### (*Federal Trade Dress Infringement* (15 U.S.C. § 1125(a)))

43. Plaintiff repeats and re-alleges each and every foregoing and subsequent allegation contained in the complaint, and further alleges as follows:

44. Defendant Zara USA, Inc. manufactures, distributes, offers to sell, and sells to consumers clothing, namely the Combination Skinny Biker jeans, that infringe Plaintiff's trade dress in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff has actively marketed, promoted and sold continuously the AMIRI MX2 jeans such that it has acquired secondary meaning within the relevant market and among the public. With its Combination Skinny Biker jeans, Zara has misappropriated the AMIRI MX2 trade dress without authorization from Plaintiff and continues to trade off the goodwill created and maintained by Plaintiff.

45. Zara's conduct is likely to cause confusion, mistake or deception as to the source of its Combination Skinny Biker jeans and its association with Plaintiff, the MX2 jeans, and the AMIRI brand. Plaintiff is therefore entitled to injunctive relief under 15 U.S.C. § 1116(a).

46. Zara's use of Plaintiff's trade dress has been and continues to be willful. Plaintiff is therefore entitled to damages pursuant to 15 U.S.C. § 1117(a), including Zara's profits, Plaintiff's actual damages, and/or the costs of this action, subject to enhancement as appropriate. Plaintiff is further entitled to its attorneys' fees and costs because of Zara's conduct.

## SECOND CLAIM FOR RELIEF

*(Federal Trade Dress Dilution (15 U.S.C. § 1125(c)))*

47. Plaintiff repeats and re-alleges each and every foregoing and subsequent allegation contained in the complaint, and further alleges as follows:

48. Plaintiff has extensively and continuously promoted and used the AMIRI MX2 trade dress; and the unique and distinctive design has become a prominent, well-known and famous indicator of the origin of the MX2 jeans.

49. Defendant Zara USA, Inc. is making business use in commerce of trade dress that dilutes and is likely to dilute the distinctiveness of Plaintiff's trade dress by eroding the public's exclusive identification of the famous AMIRI MX2 jeans with Plaintiff, tarnishing and degrading the positive associations and prestigious connotations of this trade dress, and otherwise lessening the capacity of Plaintiff's trade dress to identify and distinguish such goods.

50. Zara's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Plaintiff's trade dress or to cause dilution of Plaintiff's trade dress, to the great and irreparable injury of Plaintiff.

51. Zara has caused and will continue to cause injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of the famous and distinctive AMIRI MX2 jeans in violation of 15 U.S.C. § 1125(c). Plaintiff is therefore entitled to injunctive relief and to Zara's profits, actual damages, and/or costs, subject to enhancement as appropriate, as well as reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1125(c), 1116 and 1117.

## THIRD CLAIM FOR RELIEF

*(Federal Unfair Competition & False Designation of Origin*

*(15 U.S.C. § 1125(a)))*

52. Plaintiff repeats and re-alleges each and every foregoing and subsequent allegation contained in the complaint, and further alleges as follows:

53. Plaintiff is, and at all relevant times was, the owner of all right, title and

1  interest in AMIRI, including the trade dress rights in the AMIRI MX2 jeans.
2  Plaintiff has extensively and continuously promoted and used the AMIRI MX2 trade
3  dress in commerce.
4      54.    Plaintiff's trade dress signifies to consumers that goods bearing the
5  same unique and distinctive design are made by Plaintiff and are of the highest
6  quality. Plaintiff has derived good will and value from this identification, which
7  Plaintiff has furthered through its extensive advertising and promotional efforts.
8      55.    As a consequence of Defendant Zara USA, Inc.'s use of Plaintiff's
9  trade dress, the consuming public will no longer recognize and identify Plaintiff as
10  the single source of apparel bearing that trade dress. Zara has, as alleged above,
11  sold and is continuing to sell apparel, namely the Combination Skinny Biker jeans,
12  which are identical or confusingly similar to Plaintiff's AMIRI MX2 jeans. Such
13  conduct constitutes the use of designs tending falsely to describe Zara's goods,
14  within the meaning of 15 U.S.C. § 1125(a)(1), and is likely to cause confusion,
15  mistake or deception by the public concerning the source of origin as between
16  Zara's goods and those of Plaintiff, and/or to cause confusion, mistake or deception
17  as to the affiliation, connection, association, origin, sponsorship or approval of
18  Zara's goods with or by Plaintiff or, alternatively, that the public will mistakenly
19  believe that Zara's goods are somehow associated with Plaintiff's goods.
20      56.    Zara's infringing activities are willful and conscious, and are likely to
21  cause injury to Plaintiff and the public. Plaintiff is therefore entitled to injunctive
22  relief and to disgorge Zara's profits, actual damages, and/or costs, subject to
23  enhancement as appropriate, as well as reasonable attorneys' fees, pursuant to 15
24  U.S.C. §§ 1125(c), 1116 and 1117.

### FOURTH CLAIM FOR RELIEF

**(*California Trade Dress Dilution* (*Cal. Bus. & Prof. Code* § 14200))**

27      57.    Plaintiff repeats and re-alleges each and every foregoing and
28  subsequent allegation contained in the complaint, and further alleges as follows:

58. Plaintiff has extensively and continuously promoted and used the AMIRI MX2 trade dress; and the unique and distinctive design has become a prominent, well-known and famous indicator of the origin of the MX2 jeans.

59. Defendant Zara USA, Inc. is making business use in commerce of trade dress that dilutes and is likely to dilute the distinctiveness of Plaintiff's trade dress by eroding the public's exclusive identification of the famous AMIRI MX2 jeans with Plaintiff, tarnishing and degrading the positive associations and prestigious connotations of this trade dress, and otherwise lessening the capacity of Plaintiff's trade dress to identify and distinguish such goods.

60. Zara is causing and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of the trade dress of Plaintiff's AMIRI MX2 jeans in violation of California's dilution laws including, without limitation, Cal. Bus. & Prof. Code § 14200.

61. Zara acted with oppression, fraud or malice in carrying out a scheme to trade on Plaintiff's trade dress. Zara knew that Plaintiff owned and had exclusive rights in the AMIRI brand, including as to the AMIRI MX2 jeans. Zara's actions were taken deliberately and with full awareness of Plaintiff's legal rights.

62. Plaintiff is therefore entitled to compensatory damages, injunctive relief, and punitive damages, as well as its reasonable attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF

(*Unfair Competition* (Cal. Bus. & Prof. Code § 17200))

63. Plaintiff repeats and re-alleges each and every foregoing and subsequent allegation contained in the complaint, and further alleges as follows:

64. Defendant Zara USA, Inc. has been and is passing off its goods, including its Combination Skinny Biker jeans, as those of Plaintiff, causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Zara's products as to Zara's affiliation, connection, or association with Plaintiff, and otherwise damaging the public. Zara's actions, as complained of

herein, have been and will continue to be willful and intentional. Zara's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade or commerce in violation of California Business and Professions Code § 17200.

65. Zara acted with oppression, fraud or malice in carrying out a scheme to trade on Plaintiff's trade dress. Zara knew that Plaintiff owned and had exclusive rights in the AMIRI brand, including as to the AMIRI MX2 jeans. Zara's actions were taken deliberately and with full awareness of Plaintiff's legal rights.

66. Zara's unauthorized use of Plaintiff's trade dress has caused and is likely to cause substantial and irreparable injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover damages, in the amount of not less than $3,000,000, as well as punitive damages, attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief:

(1) Enter judgment in Plaintiff's favor, finding that Plaintiff's trade dress rights in the AMIRI MX2 jeans have been infringed by Zara in violation of 15 U.S.C. § 1125(a);

(2) Enter judgment in Plaintiff's favor, finding that Zara has diluted Plaintiff's trade dress rights in the AMIRI MX2 jeans in violation of 15 U.S.C. § 1125(c);

(3) Enter judgment in Plaintiff's favor, finding that Zara has engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a);

(4) Enter judgment in Plaintiff's favor, finding that Plaintiff's trade dress rights have been infringed by Zara in violation of California Business & Professions Code § 14200;

(5) Enter judgment in Plaintiff's favor, finding that Zara has engaged in unfair competition in violation of Cal. Bus. & Prof. Code § 17200;

(6) That Zara be required to pay compensatory damages of not less than $3,000,000, including Plaintiff's actual damages or Zara's profits as shall be determined from an accounting of Zara's sales pursuant to 15 U.S.C. § 1117(a), subject to enhancement as appropriate;

(7) For pre-judgment interest according to statute;

(8) For injunctive relief that requires Zara to stop selling the infringing Combination Skinny Biker jeans, and any other products that infringe Plaintiff's trade dress rights;

(9) For injunctive relief that prohibits Zara from manufacturing, marketing or selling the AMIRI MX2 jeans, or any other clothing item or accessory that is identical or confusingly similar to the AMIRI MX2 jeans;

(10) For punitive damages pursuant to Cal. Civil Code § 3294;

(11) For Plaintiffs' reasonable attorneys' fees and costs; and

(12) For any further relief that the Court deems just and proper.

DATED: January 22, 2020

MILLER BARONDESS, LLP

By: _____
A. SASHA FRID
Attorneys for Plaintiff
ATELIER LUXURY GROUP, LLC

**DEMAND FOR JURY TRIAL**

By its undersigned attorney, Plaintiff Atelier Luxury Group, LLC hereby demands a jury trial.

DATED: January 22, 2020     MILLER BARONDESS, LLP

By: _____
A. SASHA FRID
Attorneys for Plaintiff
ATELIER LUXURY GROUP, LLC